FILED

97 NOV 18 PM 3:08

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| 1st FRANKLIN FINANCIAL CORPORATION, | } | |
| Plaintiff | } | CIVIL ACTION NO. |
| vs. | } | 97-AR-2567-M |
| GARY McCOLLUM, | } | |
| Defendant | } | |

cko

ENTERED

NOV 18 1997

## MEMORANDUM OPINION

The court has for consideration a motion to dismiss filed by Gary McCollum ("McCollum"), defendant in the above-entitled cause. The complaint that McCollum asks this court to dismiss was filed by 1st Franklin Financial Corporation ("1st Franklin"). 1st Franklin's complaint asks this court to enforce an arbitration clause executed by McCollum as part of a loan agreement between the parties. McCollum, in an entirely separate action filed in the Circuit Court of Etowah County, Alabama, alleges that the loan agreement was infected with fraud, and McCollum seeks of 1st Franklin compensatory and punitive damages. In McCollum's state court case, 1st Franklin has interposed as a defense the self-same arbitration clause that is the basis of 1st Franklin's instant case, and it has asked the state court to require arbitration rather than to proceed to the merits of McCollum's claims.

1

9

Federal courts do not have exclusive jurisdiction over actions brought pursuant to the Federal Arbitration Act. Put another way, state courts have concurrent jurisdiction over the enforceability of arbitration clauses. 9 U.S.C. § 2. This concurrent jurisdiction is also available for the consideration of McCollum's attack on this particular arbitration agreement as having allegedly been fraudulently procured by 1st Franklin.

1st Franklin urges this court to do the same thing that this court did in *1st Franklin Financial Corp. v. Murray*, CV 95-AR-2773-S, a case in which, on December 20, 1995, this court ordered the enforcement of an arbitration clause despite the pendency of a state court case involving a loan agreement which included the arbitration clause. Assuming that this court was correct on December 20, 1995, an assumption this court now questions, this court takes judicial notice of a crucial difference between the two cases. In CV 95-AR-2773-S, defendant Murray pointed out the following in her motion to dismiss 1st Franklin's petition to order arbitration: "Defendant therein [the state court case], 1st Franklin Financial Corporation, has not raised the issue of arbitration of Plaintiff's claim in the State court." Such is not true in the instant case in which 1st Franklin, as it has the right to do, has expressly sought the same relief from the state court that it seeks here.

Under principles of comity and federalism, this court will

defer to the Circuit Court of Etowah County, the first forum, and will abstain, thereby allowing the court to which this controversy was first presented to proceed with it, dealing first, as it must, with the enforceability of the arbitration clause.

This opinion will be accompanied with a dismissal without prejudice.

DONE this 18th day of November, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE